## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

**v.**

**JAIRO PEREZ, a/k/a "SECO"**

**Criminal No. 15-10338-FDS**

## <u>SENTENCING MEMORANDUM OF THE UNITED STATES</u>

Jairo Perez a/k/a "Seco," a violent member of MS-13, faces sentencing for racketeering conspiracy and his role in the brutal murder of a 16-year-old boy who was stabbed, hacked, and shot to death on a public street in East Boston. During the cruel and vicious attack carried out by Perez and three fellow MS-13 gang members, Perez, Edwin Gonzalez a/k/a "Sangriento," and Edwin Diaz a/k/a "Demente" stabbed the victim multiple times while Rigoberto Mejia a/k/a "Ninja" shot the victim.

As the government highlighted at Gonzalez's trial, Perez, Gonzalez, and Diaz stabbed the young boy so many times that the victim was left with 48 sharp force injuries, and they slashed the victim with such force that they damaged the blades of their large knives on the victim's skull. Perez then took the large knives used to commit the murder and the clothes worn by the murderers and buried them in an attempt to escape responsibility.

The nature and circumstances of the defendant's crime are horrifying and appalling. The government asks the Court to impose a sentence of ***420 months (35 years) in custody to be followed by 60 months (5 years) of supervised release***. Perez will also be subject to deportation upon the completion of his sentence.

## I.   **The Binding Plea Agreement Between the Parties.**

On May 22, 2018, Perez pleaded guilty pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C).  In relevant part, the key provisions of the plea agreement are as follows:

*First*, as to the application of the Sentencing Guidelines, (i) the parties agreed that the defendant's racketeering activity involved the murder of Cristofer de la Cruz on January 10, 2016; (ii) the parties agreed that based on the defendant's prompt acceptance of responsibility, the defendant would receive a three level reduction to his offense level; and (iii) the parties otherwise had no agreement as to the application of the Sentencing Guidelines and reserved all rights.[1]  *See* Plea Agreement, § 4.

*Second*, the parties agreed that the Court would impose a sentence of 420 months (35 years) in prison, to be followed by 60 months (5 years) of supervised release.  *Id.* at § 5.

*Third*, the defendant waived his right to appeal both his conviction and his sentence if the Court imposed the sentence contemplated by the Plea Agreement.  *Id.* at § 6.

---

[1]   The government highlights this reservation of rights to alert the Court that the Plea Agreement does not contain an agreement that the defendant would receive a two-level enhancement for vulnerable victim.  However, the government reserved its right to seek this enhancement and objected to Probation initially failing to apply the enhancement.  *See* PSR, p. 33 (Government Objection #1).  Based on the Court applying this enhancement at co-defendant Edwin Diaz's sentencing under analogous facts, Probation has now applied the enhancement to Perez and correctly calculated the defendant's Guideline Range as 360 months to life in prison.  *See id.* (Probation Officer's Response).

## II.     The Sentencing Factors Articulated in 18 U.S.C. § 3553(a) Support the Sentence Contemplated by the Plea Agreement.

MS-13 is one of the most violent and dangerous criminal organizations operating in the United States today.  *See generally* PSR at ¶¶ 9-20.  Perez was a member of the Trece Locos Salvatrucha or TLS clique of MS-13.  *Id.* at ¶ 21.  The TLS clique was a violent clique of MS-13 operating in Massachusetts, with TLS members being involved in murder (Perez a/k/a "Seco" and Mejia a/k/a "Ninja"), accessory after the fact to murder (Jose Vasquez a/k/a "Little Crazy"), and conspiracy to commit murder (Modesto Ramirez a/k/a "Snoopy").  *Id.* at ¶ 22.

Perez—along with Gonzalez, Diaz, and Mejia—was involved in perhaps the most horrific and heartless of the crimes of violence uncovered by the government during its multi-year investigation of MS-13.  On January 10, 2016, Perez and his co-conspirators murdered a 16-year-old boy named Cristofer de la Cruz on a public street after the gang lured him to his death by pretending to be a girl.  *See id.* at ¶¶ 23-30.  Perez, Gonzalez, and Diaz were each armed with large knives that they called machetes, and each stabbed and hacked the young victim multiple times.  *Id.* at ¶ 27.  While they were doing that, Mejia ran up and fired multiple shots at the victim.  *Id.*  Perez and the others then left the young boy bleeding to death on the sidewalk.  *Id.*

As the Court saw a glimpse of during Gonzalez's trial, the injuries inflicted by Perez and the others were gruesome and unimaginably cruel.  The autopsy revealed that the young victim suffered 48 sharp force injuries, multiple gunshot wounds, and multiple blunt force injuries.  *Id.*  at ¶ 28.  The victim's left hand had been nearly severed from his arm, and the evidence suggests that this occurred when the victim

raised his hand to shield his head from an impending blow, and the knife/machete cut through his hand instead of his skull. *Id.* at ¶ 29.

Despite the victim trying desperately to shield his head, Perez and the others struck the victim on the head multiple times, and many of the 48 sharp force wounds were injuries to the victim's head. *Id.* at ¶ 30. Perez and the others struck the victim with such force that they left pieces of their metal blades embedded in the victim's skull. *Id.* at ¶ 31. All three large knives used in the attack were recovered and were found to have damaged blades and the victim's DNA on them. *Id.* Although it is unclear which defendant used which knife, the knives present a ghastly picture:







The heinous nature of the crime is magnified by the fact that Perez and the others murdered a teenage boy on the sidewalk of a densely populated, residential street in East Boston:



It is hard to imagine a crime more deserving of punishment, incapacitation, and deterrence than a murder where a violent street gang bludgeoned a teenage boy with machetes before shooting him and leaving him to bleed to death on a public sidewalk. (The murder occurred barely a block from East Boston High School.)

By all accounts, Perez was a very active and willing participant in this murder, and he did not hesitate when attacking the vulnerable victim the gang had lured. *See* PSR, ¶ 34 (summarizing recording where Gonzalez [Sangriento] and CW-1 discuss how when the victim got to the scene, Perez [Seco] "fell upon him quickly" and "knocked him down," and the group then began stabbing the victim).

CW-1 also captured Perez on tape talking about the murder and Perez's statements showed a callous disregard for human life and no remorse for his actions. *See* PSR, ¶ 39. Among other things, when asked how he felt after the murder, Perez stated, "I am at peace with what I have done, doggie," and "I fucking slept well!" *Id*. Perez also stated that MS-13 rivals "deserve to die" and "I'll kill them too." *Id*.[2]

In a sickening exchange, Perez also talked about how he and his fellow gang members had left the victim in such a condition that the police had trouble identifying the victim because the group had disfigured the victim's face and chopped off his hand. *See* PSR, ¶ 40 (Perez stating that "the dude was left completely destroyed" and "in pieces," and "Sangriento whacked the guy's hands with a machete.").[3]

The motive for the murder is a further aggravating factor. As was the case for many of his fellow MS-13 members, Perez committed this murder simply to move up in rank within the gang. *See* PSR, ¶ 32 (summarizing January 10, 2016 recording in which Gonzalez discussed how Perez had finally "wet," which is the code that MS-13 used when a member committed a murder on behalf of the gang; Gonzalez also discussed how Perez had been attempting to "wet," i.e., commit murder, for a while).

---

[2]    These statements are consistent with the reaction of co-defendant Diaz, who stated that he had "zero mercy, zero, nothing" when he was committing murder. PSR at ¶ 42. Diaz also described the murder as "dicing" the victim "like onions," and stated that the murder "was awesome." *See id.* at ¶ 43.

[3]    Out of respect for the victim and his family, as much as any desire not to offend the sensibilities of the Court and the jury, the government did not seek to introduce gruesome autopsy photographs at Sangriento's trial, and the government does not intend to do so at this sentencing. The government simply notes that the statements made by Perez and others about the condition in which they left the victim were, unfortunately, true as a general matter.

Finally, on January 15, 2016, Perez went with his clique leader Vasquez to bury the evidence of the murder he had committed a few days prior.  Perez brought with him the weapons used in the murder and the clothes worn by the murderers, and Perez and Vasquez subsequently buried those items at Deer Island in Winthrop, Massachusetts.  PSR, ¶ 37.  During this trip, Perez also made other incriminating statements about his involvement in the murder and his efforts to conceal the murder.  PSR, ¶ 38.  Among other things, Perez stated that he had already wiped the fingerprints off the murder weapons and the group had cleaned up the car used to lure the victim to his death.

Even as murders go, the nature and circumstances of this murder are especially troubling.  Each of the 18 U.S.C. § 3553(a) factors argue strongly in support of the recommended sentence.  The recommended sentence for Perez is the same as the sentence of 35 years in custody and 5 years of supervised release imposed by this Court on Edwin Diaz for this murder.  *See* Dkt. 2653.

## <u>Conclusion</u>

For the reasons above, the Court should sentence Perez to ***420 months (35 years) in custody followed by 60 months (5 years) of supervised release.***

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   <u>/s/ Kunal Pasricha</u>
Kunal Pasricha
Assistant United States Attorney

7

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that the foregoing document was filed through the Electronic Court Filing (ECF) system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

<u>/s/ Kunal Pasricha</u>
KUNAL PASRICHA
Assistant United States Attorney